Henry Harbeck, Respondent, *v.* Sarah K. Pupin et al., Appellants.

The provision of the Code of Civil Procedure (§ 1278) providing that one or more joint debtors may confess judgment for the joint debt, and that where all the joint debtors do not unite in the confession, such judgment "is not a bar to an action against all the joint debtors upon the same demand" has so far abrogated the rule of the common law, that a judgment confessed by one or more copartners, is no bar to an action in equity by the creditor to reach and appropriate to the payment of the partnership debt, the assets of a partner who did not join in the confession and who thereafter died.

Such an action will lie when execution upon the judgment has been returned unsatisfied, when the survivors are insolvent, or when a composition has been made with them as prescribed by said Code.

Under the provision of the Code (§ 1942) authorizing a member of a firm, after the partnership has been dissolved, to make a separate composition with a firm creditor, but requiring the release to "exonerate him from all liability incurred by reason of his connection with the partnership," it is not necessary that the release, to be effectual, shall follow the precise language of the statute. The composition is effectual, although the instrument omits to state that the compounding debtor is thereby released from all liability, where it appears by it, that it was executed pursuant to said provision, and it is shown that there was no other partnership debt owing to the creditor.

Plaintiff's complaint alleged in substance that A., defendants' testator, and three others formerly constituted a firm, which firm was indebted to plaintiff upon a promissory note executed by it; that the other three members confessed a judgment thereon, upon which execution was issued and returned unsatisfied; that after the partnership was dissolved two of the three made a separate composition with the plaintiff, who gave them a release discharging them, and each of them from all liability on account of the debt, that being the only liability of the firm to the plaintiff. The release, which was set forth, stated that it was made pursuant to said section of the Code authorizing such a composition, and that it should have no other, or greater effect, than by that section provided; it did not in terms state that plaintiff released either of the defendants from all liability incurred by reason of his connection with the partnership. The complaint further alleged, that subsequent to such release A. died, leaving a will, wherein defendants were named as executors; that at the time of the confession of judgment, and of the death of A., the partner who confessed judgment with the two who thus compounded, was wholly insolvent. Plaintiff asked judgment for the amount unpaid of his claim payable out of the assets of A. in the

hands of his executors. Upon demurrer to the complaint, *held,* that it set forth a good cause of action; and that the demurrer was properly overruled.

(Argued June 16, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 19, 1890, which affirmed a judgment in favor of plaintiff, overruling a demurrer to the complaint entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George C. Holt* for appellants. The judgment against Whitaker, Battershall and Grainger is a bar to this action. (*Robertson* v. *Smith,* 18 Johns. 459; *Oakley* v. *Aspinwall,* 4 N. Y. 542; *Olmstead* v. *Webster,* 8 id. 413; *Suydam* v. *Barber,* 18 id. 468; *Candee* v. *Smith,* 93 id. 349; *Kendall* v. *Hamilton,* L. R. [3 C. P. Div.] 403; L. R. [4 App. Cas.] 504.) The release executed to Battershall and Grainger is a bar to this action, (*Murray* v. *Fox,* 39 Hun, 108; 104 N. Y. 382.) The release is a bar to this action, because it was not executed in conformity with section 1942 of the Code of Civil Procedure. (*Bank of Poughkeepsie* v. *Ibbotson,* 5 Hill, 461; *Hoffman* v. *Dunlop,* 1 Barb. 185.) The complaint contains no sufficient allegation that the legal remedies have been exhausted against the surviving partners, or that they are insolvent, or anything equivalent. (*Campbell* v. *Foster,* 16 How. Pr. 275; *Williams* v. *Hogeboom,* 8 Paige, 469; *Fox* v. *Meyer,* 54 N. Y. 125; *McElwaine* v. *Willis,* 9 Wend. 549; *Crippen* v. *Hudson,* 13 N. Y. 163; *Lindley* v. *Simonds,* 2 Abb. [N. S.] 69; *Murray* v. *Fox,* 39 Hun, 108.)

*J. Tredwell Richards* for respondent. Courts of equity will not intervene to enforce the equitable lien so long as the remedy at law is complete and adequate; but when the legal remedy is insufficient, or when there is no legal remedy avail-

able, equity will protect the creditor and assist him to enforce his equitable lien against the estate of the deceased partner. (*Pope* v. *Cole*, 55 N. Y. 124.) The note was not merged in the judgment. (Code Civ. Pro. §§ 1278, 1942.) It is not essential that the release should set forth *ipsissimis verbis* the exact language of the statute; it is enough that the language of the release shall show plainly that it was made under the statute; and intended to take effect according to the statute. (*Coddington* v. *Davis*, 1 N. Y. 186; *Matthews* v. *C. M. Co.*, 3 Robt. 711.)

O'BRIEN, J. The question presented by this appeal arises upon a demurrer that the complaint upon its face does not state facts sufficient to constitute a cause of action. The complaint states that the defendants' testator, with three other persons, all of them constituting a partnership firm, on the 19th of August, 1885, made and delivered to the plaintiff a note for $30,737.50, payable one day after date to the plaintiff or order. That the note was not paid and, on the 21st of September, 1885, the three other makers, who signed the note with the defendants' testator, confessed judgment thereon in the Supreme Court in plaintiff's favor; that execution was issued thereon and returned unsatisfied; that on the 18th of March, 1886, the partnership having been previously dissolved, two of the three defendants against whom the judgment was recovered by confession, made a separate composition with the plaintiff and paid him $3,000 on the judgment, and the plaintiff gave to them a release, under seal, discharging them, and each of them, and their estates from all liability whatever on account of the debt, that being the only liability incurred by them, or either of them, to the plaintiff by reason of their connection with the partnership.

It was stated in the release that it was made pursuant to section 1942 of the Code, and should have no other or greater effect than by that section provided; but it did not in terms · state that the plaintiff released either of the defendants in the judgment so compounding from all liability incurred

by reason of their connection with the partnership. That subsequent to May, 1887, the defendants' testator died, leaving a will whereby the defendants were named as executors; that the will was proved and the defendants entered upon the performance of the duties of the trust; that the third partner, who had confessed the judgment with the two who had thus compounded with the plaintiff and secured their release, was, at the time of the confession and at the time of the death of the defendants' testator, wholly insolvent, and that the amount of the note could not be collected from him by any legal process; that the plaintiff's claim had been presented to the defendants, who disputed and rejected it; that nothing had been paid upon the note except the sum of $3,000, paid by the compounding partners. The plaintiff asked judgment for the amount due thereon. The plaintiff thus sought by an action in equity to reach the assets of a deceased partner in the hands of his executors and appropriate the same to the payment of a partnership debt, for which the deceased, as a member of the partnership, was liable. Two of the surviving partners had been released, and the other was alleged to be insolvent. Such an action will lie when judgment has been first recovered against the surviving partners and execution thereon returned unsatisfied, or when the survivors are insolvent. (*Pope* v. *Cole,* 55 N. Y. 124.)

The complaint in its general scope makes out a case of this kind, unless the plaintiff is confronted with some difficulty growing out of the judgment recovered against three of the four partners, and the terms of the release subsequently given to two of them. It is no doubt true that at common law the recovery of a judgment against a part of the members of a firm was a bar to an action against the rest on the same claim. In such a case the original claim was said to be merged in the judgment. (*Robertson* v. *Smith,* 18 Johns. 481; *Olmstead* v. *Webster,* 8 N. Y. 413; *Candee* v. *Smith,* 93 id. 351.) But the enactment of section 1278 of the Code of Civil Procedure has changed this rule by enacting that a judgment by confession against one joint debtor shall not bar a subsequent action against other parties who are liable upon a joint obligation.

The learned counsel for the defendants insists that the present action is not within the terms of this section of the Code, because it is not an action against "all the joint debtors," nor indeed against any of them, but against the personal representatives of a deceased joint debtor, and further, that it is not "upon the same demand," but another which has been reduced by the payment of $3,000, the amount received upon the compromise. To adopt a construction so narrow and literal as this would be to practically nullify a remedial statute intended by the legislature to abrogate a harsh and technical rule of the common law that frequently operated to defeat a just claim. The statute was framed in general terms, and while this case may not be within the letter, it is within the intent of the law makers, and effect must be given to this intent, though not expressed, within the letter of the statute. (*Delafield* v. *Brady*, 108 N. Y. 529 ; *Smith* v. *People*, 47 id. 330.)

We think the Code has so far abrogated the rule of the common law that the judgment confessed by three of the partners is no bar to this action.

The other question is whether the two partners with whom the plaintiff compounded were discharged from any further liability so as to excuse the plaintiff from proceeding against them before resorting to an action in equity to reach the assets of the deceased partner in the hands of the defendants. By section 1942 of the Code, one or more members of a partnership may make a separate composition with the creditor, which shall discharge him or them only, and then only when the creditor gives a release or other instrument exonerating the debtor thus compounding. A member of a partnership cannot be discharged under this section till the partnership has been dissolved by consent or otherwise, and then the instrument must release or exonorate from all "liability incurred by reason of his connection with the partnership." A compliance with this section does not impair the creditor's right of action against any other joint debtor. The terms of the release in this case, as appears by the complaint, do not include the clause

releasing or exonerating the two compounding partners from all liability incurred by reason of their connection with the partnership. But it did release them and their estates, and the estates of each of them from liability in respect of the indebtedness existing by virtue of the judgment on the note, and it is alleged by the complaint, and admitted by the demurrer, that this was the only indebtedness incurred by these two partners to the plaintiff by reason of their connection with the partnership. It was expressly stated in the release that it was made pursuant to section 1942 of the Code of Civil Procedure, and should have no greater or other effect than by said act and said release was provided. It was not necessary that the release, in order to effectuate the intention of the parties, should follow the precise language of the statute. The fact that there was no other partnership debt for the instrument to operate upon, and the reference in the papers to the very section of the statute which authorized the compromise, shows that the plaintiff intended to, and did, in fact, release the two partners from the partnership debt stated in the complaint.

We think that the complaint contained a good cause of action, and that the judgment of the court below, overruling the demurrer, should be affirmed with costs.

All concur.

Judgment affirmed.