The Mayor, Aldermen and Commonalty of the City of New York, Respondent, *v.* Philip Goldman, Impleaded, etc., Appellant.

G. was appointed attorney for the collection of arrears of personal taxes in the city of New York under the act of 1867. (Chap. 334, Laws of 1867.) Said act requires (§ 2) the execution of a bond by the appointee with sureties "for the faithful performance of the duties of his office and the payment over of all taxes collected by him," and provides (§ 10) that he shall "pay over * * * * all taxes collected by him." G. gave a bond conditioned "that he shall well and faithfully execute the duties of the said office without fraud, deceit or oppression." G. made default in the payment over of taxes collected by him. In an action upon the bond one of the defenses was that there was no express covenant to pay over the moneys collected. *Held,* untenable; that the condition to faithfully perform the duties of the office, included and embraced the duty of payment over, as the statute prescribed; and so, that the specific condition was merely cumulative.

*Farrar* v. *U. S.* (5 Pet. 373), distinguished.

*It seems,* if the omission had been a defect, the bond, conforming substantially with the statute, would have been covered and validated by the provisions of the Revised Statutes relating to formal defects in such instruments. (2 R. S.556, § 33.)

The bond recited that the appointment was as "attorney for the collection of personal taxes." It was objected that the appointment was to the office of "attorney for the collection of arrears of personal taxes." *Held,* untenable; that the omission of the word "arrears" was immaterial.

To establish the default, plaintiff proved collections made by G. and the absence of entries of returns thereof by him in the cash-books of the deputy receiver of taxes. The officers, whose duty it was to enter the returns of taxes collected by defendant, also testified to the entry by them of such returns as were received from him, none of which covered the collections in question. *Held,* that the default was properly and sufficiently proved; that the absence of entries of payment, which in the ordinary course of business and under the explicit requirements of the statute (§§ 849, 850, chap. 410, Laws of 1882), would exist if payment had been made, furnished lawful evidence of non-payment.

(Argued January 13, 1891; decided January 27, 1891.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 9, 1888, which affirmed

a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought upon an official bond given by Edward D. Gale on his appointment as attorney for the collection of arrears of personal taxes in the city of New York under the act, chapter 334, Laws of 1867. The material portion of said bond is as follows: "Whereas the above bounden Edward D. Gale has been appointed attorney for the collection of personal taxes, now the condition of the above obligation is such, that if the said Edward D. Gale shall well and faithfully execute the duties of said office without fraud, deceit and oppression, the above obligation shall be void, otherwise shall remain of full force and virtue." .

The alleged breach consisted of Gale's failure to pay over to the receiver of taxes certain taxes received by him as such attorney.

Further facts are stated in the opinion.

*Robert L. Wensley* for appellant. The only breach claimed is of a condition which the bond in suit does not contain, but which the statute expressly declares it ought · to contain. (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Wood* v. *Fisk*, 63 id. 245, 250; *People* v. *Chalmers*, 60 id. 158; *Smith* v. *People*, 47 id. 336.) The principal was not appointed to the office described in the recital in the bond. (*N. M. B. Assn.* v. *Compton*, 90 N. Y. 116; *Dobbins* v. *Bradley*, 17 Wend. 422; *Barnes* v. *Barrow*, 61 N. Y. 39, 42; *Ward* v. *Stahl*, 81 id. 406; *Miller* v. *Stewart*, 9 Wheat. 681; *Penoyer* v. *Watson*, 16 Johns. 100; *Walsh* v. *Bailie*, 10 id. 180; *Bigelow* v. *Benton*, 14 Barb. 123; *Henderson* v. *Marvin*, 31 id. 297.)

*David J. Dean* for respondent. The phraseology of the condition of the bond is in substantial compliance with the requirement of the statute, section 2, chapter 334 of the Laws of 1867, and is, therefore, legally binding upon the sureties. (*A. Co.* v. *Van Campen*, 3 Wend. 52; *Spaulding* v. *Millard*, 17 id. 131; *People, etc.,* v. *Martin*, 43 Barb. 576; *U. S.* v. *Bradley*, 10 Pet. 364; *People* v. *Holmes*, 5 Wend. 197;

*Skellinger* v. *Yandes,* 12 id. 308; *Kelly* v. *McCormick,* 28 N. Y. 322; *Shaw* v. *Tobias,* 3 id. 188.) Any defect of form is amended by the Revised Statutes. (2 R. S. [6th ed.] 863, § 35; *Wallack* v. *Bassett,* 41 Barb. 92; *Village of Warren* v. *Phillips,* 30 id. 650.) The sureties are estopped by the recital in the bond from denying the due appointment of their principal, and the referee was justified by such recital as well as by independent evidence in finding it. (*U. S.* v. *Bradley,* 10 Pet. 343; *People* v. *Norton,* 9 N. Y. 192; *Johnston* v. *Smith,* 25 Hun, 177; *Decker* v. *Judson,* 16 N. Y. 439; *Hall* v. *Luther,* 13 Wend. 494; *Jarvis* v. *Sewall,* 40 Barb. 449; 2 Herman on Estoppel, 631.) The cash-books of the deputy receiver of taxes and the assessment-rolls were competent to establish the non-payment to the receiver of taxes of the moneys collected by the attorney. (Laws of 1882, chap. 410, §§ 849, 850; Laws of 1844, chap. 230, §§ 4, 5; *People* v. *Minck,* 21 N. Y. 541; *Van Bergen* v. *Bradley,* 36 id. 318; *Ronderdonk* v. *Taylor,* 4 Pet. 358; *Gudney* v. *Howe,* 9 Gray, 404; *Bissell* v. *Hamblin,* 6 Duer, 512.) But the absence of entries showing payments either in the cash-books or assessment-rolls, are sufficient to establish the fact of non-payment as against Gale's sureties, even though the documents offered were private writings. (*Furnesse* v. *Cope,* 5 Bing. 498; *Corning* v. *Walker,* 100 N. Y. 547; *In re Silvernail,* 45 Hun, 578.) The presumption being that public officers do their duty, it must be presumed that the entries would have been made in the cash-books and rolls had Gale made the payments. (*Wood* v. *Moorehouse,* 45 N. Y. 376; *Ensign* v. *McKinney,* 12 Abb. [N. C.] 472; Laws of 1867, chap. 334, § 10.) In the absence of an offer of evidence connecting the city through its authorized officers or agents, with knowledge of the fraud alleged to have been perpetrated upon the appellant by his principal upon the bond, no evidence of such fraud is admissible. (*W. N. Y. L. Ins. Co.* v. *Clinton,* 66 N. Y. 331; *McWilliams* v. *Mason,* 31 id. 294; *F. N. Bank* v. *Spinney,* 120 id. 560; *Cassani* v. *Jerome,* 58 id. 319.) The plaintiff was not bound to prove that it was the duty of Mr. Gale to return moneys collected by him to the

receiver of taxes, that duty having been imposed by the statute. (Laws of 1867, chap. 334, § 10.)

FINCH, J. The defendant was sued as surety upon the offi-cial bond of Edward D. Gale, as attorney for the collection of arrears of personal taxes, and judgment has been rendered against him which he asks us to say is erroneous.

His first allegation of error is that the breach complained of is founded upon a condition which the bond does not con-tain, but which the statute expressly declares it ought to con-tain. The statute authorizes the appointment of an attorney for the collection of arrears of personal taxes, and requires the appointee to give a bond to the city " conditioned for the faith-ful performance of the duties of his office and the payment over of all taxes collected by him." The condition contained in the bond is, " if the said Edward D. Gale shall well and . faithfully execute the duties of said office without fraud, deceit or oppression, the above obligation shall be void, etc." It is, therefore, upon the omission from the bond of an express condition to pay over moneys collected that the objection rests. There might be force in the criticism were it not for the fact that the statute explicitly makes it one of the duties of the office to pay over the taxes collected, and so that specific duty is included in the general duty, and the double condition is merely cumulative. In *Farrar* v. *United States* (5 Peters, 373), upon which the defendant relies, there was the same gen-eral condition to perform the duties of the office, and the same omission of the special condition to pay over, and the court expressed a doubt whether, under the language of the statute, proof could be given that payment over was one of the duties of the office. But that was a case where the statute did not make it so, and extrinsic proof was needed to establish the fact if it existed ; and the court had no doubt that where the conditions are cumulative the omission of one condition can-not invalidate the bond so far as the other operates to bind the party. That is the situation here. The statute itself makes it a duty of the office to pay over the taxes collected ; and a condi-

tion to faithfully perform the duties of the office includes and embraces the duty of payment over.    To add that specific condition would be cumulative merely, and its omission, if a defect at all, is covered by the provision of the Revised Statutes. (2 R. S. § 35, p. 863, 6th ed.), which makes the bond sufficient, although it does not in all respects follow the prescribed form if, nevertheless, it does conform thereto substantially.

The second objection made in behalf of the surety is wholly technical.    It is that the bond related to the duties of "attorney for the collection of personal taxes," and the appointment was to the office of "attorney for the collection of *arrears* of personal taxes."    There is no pretense that there was more than one office, or that Gale was assigned to a different duty from that covered by the bond.    The criticism rests wholly upon the name of the office, which was sufficiently described in the recital of the bond.    The omission of the word "arrears" was not material and could not have misled anyone.

The third objection is aimed at the proof of Gale's default so far as it rested upon the books of the department.    The books are public records required by law to be kept (*Consol. Act*, §§ 849, 850), and are admissible upon proof that they come from the proper custody.    The cases cited on behalf of the respondent, show that the absence of entries of payment, which in the ordinary course of business and under the explicit requirements of the statute would exist if payment had been made, furnishes lawful evidence of non-payment.    (*Corning* v. *Walker*, 100 N. Y. 547; *Matter of Silvernail*, 45 Hun, 578.)    In addition to the evidence of the books, the officers, whose duty it was to enter the returns of taxes collected by Gale whenever he made any, were called as witnesses and testified to the entry by them of such returns as they received from him, but none of which covered the collections shown to have been made by Gale for which the surety has been held liable. We think the default was properly and sufficiently proved.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.