ELISE KOHLER et al., Respondents, *v.* JOHN LINDENMEYR, Impleaded, etc., Appellant.

In an action against a special partner in a limited partnership to charge him, as general partner, with an indebtedness of the firm, plaintiff claimed that the contribution of the special partner to the capital of the firm was not made in cash, as stated in the certificate and accompanying affidavits filed, but was made by crediting him with an equivalent amount loaned by him to a pre-existing firm, composed of the general partners. To prove this, defendants offered, and were permitted, to give in evidence entries in the books of the old firm, showing loans to it by defendant to the amount of his alleged contribution, and an entry therein of a credit of a similar amount to his capital account with the new firm of the same date as that of the certificate. *Held*, error.

*It seems* that, assuming the accounts of the new firm were kept in the same books as those of the old firm, the special partner, in the absence of proof of knowledge of prior entries, could only be charged with entries made after the new firm commenced business.

*Kohler* v. *Lindenmeyr* (58 Hun, 513), reversed.

(Argued December 4, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 29, 1890, which overruled defendants' exceptions and ordered judgment on verdict directed in favor of plaintiffs.

This was an action to charge defendants, as general partners of the firm of P. Lenk & Co., a limited partnership, with a debt of said firm.

The facts, so far as material, are stated in the opinion.

*Lucien Birdseye* for appellant. It was incumbent upon plaintiffs to prove some invalidity, or irregularity or defect, which converted the special or limited partnership into a general one. (1 R. S. 767, § 4.) The entries in the books of Lenk & Co. prior to November 10, 1885, were not competent as partnership matters. (*Baker* v. *Stacpole,* 9 Cow. 420; *Brisban* v. *Boyd,* 4 Paige, 17; *Martin* v. *I. L. Ins. Society,* 53 N. Y. 339; *Pickett* v. *Leonard,* 34 id. 175; *Smith* v. *Kirtley,* 1 Monroe, 79; *U. S. Bank* v. *Binney,* 5 Mason, 176; *Fairchild* v. *Fairchild,* 64 N. Y. 171; *Lodge* v. *Prichard,* 3 DeG., M. & G. 906; *Cheever* v. *Lamar,* 19 Hun, 130; *Allen* v. *Coit,* 6 Hill, 318.) Neither were these entries made competent as evidence against Lindenmeyr, by such proof as is necessary to charge a party with matters charged against him in books of account. (*Doe* v. *Turford,* 3 B. & A. 870; *Brewster* v. *Doane,* 2 Hill, 537; *Webb* v. *Ambler,* 8 N. Y. 170; *Ocean Nat. Bank* v. *Carll,* 55 id. 440; *Chaffee* v. *United States,* 18 Wall. 516–541; *Maxwell* v. *Wilkinson,* 113 U. S. 656; *Case* v. *Potter,* 8 John. 211–213; *Tirrell* v. *Sutherland,* 11 Wend. 568; *Sickels* v. *Mather,* 20 id. 72; *Foster* v. *Coleman,* 1 E. D. Smith, 85; *Knight* v. *Cunnington,* 6 Hun, 100; *Ives* v. *Waters,* 30 id. 297; *Beatty* v. *Clark,* 44 id. 126; *McGoldrick* v. *Traphagan,* 88 N. Y. 334; *Russell* v. *H. R. R. R. Co.,* 17 id. 134; *Downs* v. *N. Y. C. R. R. Co.,* 47 id. 83; *Gilbert* v. *Sage,* 57 id. 639.)

*Samson Lachman* for respondents. ·The defendant was liable as a general partner. (1 R. S. 764, § 2; Bates on Part. § 45; *Van Ingen* v. *Whitman*, 62 N. Y. 513; *Durant* v. *Abendroth*, 69 id. 148.; *Haggerty* v. *Foster*, 103 Mass. 17; *B. & B. M. Co.*, 21 J. & S. 486; Code Civ. Pro. § 926.) The exceptions to the admission of evidence were not well taken. (*Decker* v. *Kitchen*, 26 Hun, 173; *Fairchild* v. *Fairchild*, 64 N. Y. 471; *Cheever* v. *Lamar*, 19 Hun, 140; 1 Lindley on Part. 404; Bates on Part. § 978; 2 Whart. on Ev. § 1132; *Walden* v. *Sherburne*, 15 Johns. 409; *Van Ingen* v. *Whitman*, 62 N. Y. 512.)

ANDREWS, J. The certificate of the formation of the limited partnership of P. Lenk & Co., in which the defendant John Lindenmeyr was named as one of the special partners, stated that Lindenmeyr had contributed $20,000 of the capital, and that the partnership was to commence on the 16th of November, 1885. The certificate was dated November 6, 1885, but was not acknowledged until November 11, 1885, on which latter day Peter Lenk, one of the general partners, made and filed with the certificate an affidavit that the sums specified in the certificate to have been contributed by the special partners had been actually and in good faith paid in cash.

The plaintiffs sold goods to the firm of P. Lenk & Co. after the formation of the special partnership, and the debt not having been paid they brought an action against the general partners and recovered judgment therein for their debt. They subsequently brought this action against the defendant Lindenmeyr and Otto Huber, the special partners, to charge them as general partners, on the ground that the contribution of capital made by them to the firm was not made in cash. It is claimed as to Lindenmeyr (the only appellant here) that his contribution of $20,000 was made by crediting him with $20,000 loaned by him to the pre-existing firm of P. Lenk & Co. in August and September, 1885, which firm was composed of the same persons who were members of the succeeding firm, with the exception of Lindenmeyr.

The complaint alleges that when the former action was brought the plaintiffs were ignorant of the connection of Lindenmeyr and Huber with the firm of P. Lenk & Co. The plaintiffs, for the purpose of establishing the falsity of the affidavit that Lindenmeyr paid in in cash his capital in the new firm, were permitted to show entries on the books of the prior firm of P. Lenk & Co., crediting him with two loans made to that firm in August and September, 1885, aggregating $20,000, and a subsequent entry made on or about November 6, 1885, in the same books, crediting a similar sum to his capital account of the new firm. Without going into details it is sufficient to say that the entries admitted, if competent, permit an inference that Lindenmeyr's contribution to the new firm was not made in actual cash, but by a satisfaction of his debt against the prior firm, and a credit of an equal amount to his capital account in the new firm. If this was the fact, the transaction was not a payment in cash and did not satisfy the requirements of the Limited Partnership Act. (*Van Ingen* v. *Whitman*, 62 N. Y. 513.)

We are of opinion that the entries in the books of the old firm, made prior to the time when the new partnership was to commence, and which so far as appears were not known to Lindenmeyr, were inadmissible against him. It is the general rule that entries in partnership books made in the ordinary course of business, are admissible in actions between the partners, and that they are also competent in favor of third persons in actions against the partners, as in the nature of admissions by the partners of the facts stated. (Lindley on Part. 404; Balis on Part. 978; 1 Phillips on Ev. 449; 2 Wharton on Ev. § 1132.) But the books of the prior firm were as to Lindenmeyr *res inter alios acta*. They were not competent against him on the principle of agency, or on the ground that he is presumed to have known their contents. The circumstances afford no ground for such a presumption. He had no right to examine the books, and there is no evidence that he had actual knowledge of their contents. There seems to have been an interval of a few days between the expiration of the prior

partnership agreement and the commencement of the new partnership. The old firm doubtless continued by consent until the new one took its place. But the entries in the old books, whether made by the old firm or by those who acted during this interval, were inadmissible to charge Lindenmeyr. Assuming that the accounts of the new firm were kept in the same books as the accounts of the old firm (a matter which does not distinctly appear), this would not affect the question. Lindenmeyr could at most only be charged (in the absence of proof of actual knowledge of prior entries) with entries made in the books after the new firm commenced business. The plaintiffs are not entitled to any strained construction of the evidence to support their action. They did not sell their goods on the credit of Lindenmeyr. They had no knowledge until long afterwards that he was connected with the firm. It is not claimed that there was any fraud upon the statute intended in the organization of the limited partnership, or that the old firm were not able or willing to have paid their loans of Lindenmeyr in cash, if he had required it.

For the error in admitting the entries in the books of the old firm the judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.