FIRST NATIONAL BANK of Jersey City, Plaintiff, v. EMELIE HUBER et al., as Executors, etc., of OTTO HUBER, Defendants.

*Limited partnership — the contribution of the special partner must be in cash — his liability does not abate with his death — entries in the firm books — evidence against him — continuation of a limited partnership.*

Upon the attempted creation of a limited partnership, it was agreed that the indebtedness to the proposed special partner due from, and the amount of his contribution of capital to a former limited partnership between the same general partners and special partner, should be accepted as the contribution of $50,000 required from him as a special partner by the new articles of partnership. *Held*, that such payment did not conform to the statute, which is satisfied by nothing other than a payment in cash by the special partner.

Where the certificate and affidavit made in an attempted formation of a special partnership, although regular upon their face, contain a false statement, the special partner becomes liable for the engagements of the partnership as a general partner, and such liability of the special partner continues as against his estate after his death.

The entries in the firm books of a special partnership are competent evidence against the special partner and in favor of a third person, as being in the nature of admissions of the facts therein stated.

There can be no continuation of a partnership after its dissolution.

MOTION by the defendant, Emelie Huber and others, as executors, etc., of Otto Huber, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the verdict of a jury for $50,675.15, rendered by direction of the court, in favor of the plaintiff, at the New York Circuit on the 27th day of February, 1892.

*Hamilton Wallis*, for the plaintiff.

*Louis Marshall*, for the defendants.

PARKER, J.:

The defendants' testator, Otto Huber, was, in his lifetime, a member of the partnership of P. Lenk & Co., which incurred the liability which this action is brought to recover. An action was first brought against the several members of the partnership, including defendants' testator, but he having died before the trial, it was revived against the surviving partners and prosecuted to judgment. Executions issued thereon having been returned wholly unsatisfied,

this action was commenced against the defendants as executors of the last will and testament of Huber. He did not intend to become a general partner in the firm of P. Lenk & Co., but a limited partner, and the papers by which the limited partnership was sought to be created were on their face conformable to the statute authorizing such creation. But the evidence contained in the record shows that he did not comply with section 7 of the Limited Partnership Act (1 R. S. 765, § 7), which requires that the sum contributed by the special partner to the common stock shall be paid in cash. The testator Huber was a member of a limited partnership with the same general partners, prior to the attempt to create the partnership in question, and to the common stock of such limited partnership he had contributed $30,000, and in addition had loaned to the firm $20,000.

Upon the creation of the present partnership it was agreed that the indebtedness of the firm to him, and the amount of his original contribution of capital, should be accepted as a contribution of $50,000, which the articles of partnership required him to pay in as special partner, but in so doing he did not conform to the statute, which nothing satisfies except a payment in cash. (*Durant* v. *Abendroth,* 69 N. Y. 152; *Van Ingen* v. *Whitman,* 62 id. 516; *Kohler* v. *Lindenmeyr,* 129 id. 498.)

The certificate and affidavit, while regular upon their face, contained a false statement, and, therefore, under the statute the special partners became liable for the engagements of the partnership as general partners. (1 R. S. 765, § 8.)

The defendants do not deny that the evidence upon which the court based its decision brought Otto Huber within the provision of section 8, but their contention is that, while Huber during his lifetime was liable to the creditors of the firm as if he was a general partner, the cause of action was penal in character and died at the same time as did he.

An attempt is made to show that this provision of the statute is analogous to the one which charges the trustees of a manufacturing corporation with all of its liabilities for the non-filing of its annual report, a cause of action which it is now well settled does not survive the death of the party. But we do not think that the analogy con-

tended for exists, for whether section 8 be regarded as penal in its character or not, the language employed not only manifests an intention to continue the liability beyond the death of such a party as it describes, but it is appropriate and effective to accomplish that result.

If it had provided that in case any false statement be made in the certificate or affidavit, all persons interested in the partnership should be liable for its debts, some support might be presented for defendants' contention.

But the statute does not stop there. It goes further and characterizes the kind of liability which shall arise in such event. The character and quality given to it is such that no opportunity for discussion concerning its survivorship is presented. It declares that in such event " all the persons interested in such partnership shall be liable for all the engagements thereof as *general partners.*"

Thus, he is not only made liable to pay the debts of the partnership, but he is made liable in the same measure and manner as general partners. And as the liability of a general partner for the engagements of his firm survive his death, so necessarily does the liability of a special partner when it is founded on a violation of section 8.

Defendants further insist that the court erred in receiving in evidence the books of account of the firm of P. Lenk & Co., which expired on the day that the new firm of P. Lenk & Co., which contracted the liability in question, came into existence. *Kohler* v. *Lindenmeyr* (*supra*) is relied on to support defendants' contention.

In the attempt which was made to form the limited partnership of P. Lenk & Co., now the subject of controversy, Lindenmeyr, as well as Otto Huber, was named as a special partner, and in that case the books were introduced to show that Lindenmeyr did not pay in $20,000 in cash on its formation, but instead a loan made to the old firm of P. Lenk & Co. was accepted in lieu of such contribution, and it was held that inasmuch as he was not a member of the old firm, and it did not appear that he was cognizant of the entries, they were inadmissible as against him.

In this case the facts were quite different. Huber was a special partner in the original firm of Lenk & Co., and the entries in the books of his firm were competent evidence in favor of third persons

as in the nature of admissions of the facts stated. (*Kohler* v. *Lindenmeyr, supra.*)

There are several answers to the suggestion that while the parties failed to comply with the statute authorizing the creation of a limited partnership, by the omission of the special partners to pay in their contribution towards the capital stock in cash, the transaction, nevertheless, operated to renew and continue the original limited partnership. But one, however, will be alluded to. The papers do not purport to renew and continue an existing partnership, and, therefore, do not contain the allegations necessary to accomplish such a result.

The parties to the transaction had no such intention. On the contrary, the members of the original firm of P. Lenk & Co., by appropriate action on their part, caused such partnership to be dissolved and the notice thereof to be duly published. And, having dissolved the partnership, there was none to continue if they so desired. But they did not desire or attempt to continue it, and the court could not, if it would, make another and different contract for the parties than that which they intended and attempted.

The exceptions should be overruled and judgment ordered for the plaintiff upon the verdict, with costs.

FOLLETT, J., concurred; VAN BRUNT, P. J., concurred in the result.

Exceptions overruled and judgment ordered for the plaintiff upon the verdict, with costs.