First National Bank of Jersey City, Respondent, v. Emilie Huber et al., Appellants.

*Motion for a new trial—judgment put in evidence, subsequently reversed on appeal.*

The circumstances considered and commented upon under which an order was properly directed denying a motion for a new trial made upon the ground that a judgment introduced in evidence on the trial by the successful party was thereafter reversed upon appeal.

Appeal by the defendants, Emilie Huber and others, as executors of the last will and testament of Otto Huber, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 24th day of October, 1892, denying the defendants' motion for a new trial.

*Guggenheimer & Untermyer*, for the appellants.

*Wilson & Wallis*, for the respondent.

Parker, J. :

The trial had in the above-entitled action resulted in the direction of a verdict in favor of the plaintiff, defendants' exceptions being ordered to be heard at the General Term in the first instance.

We have determined at this term of the court that defendants' exceptions should be overruled and judgment ordered for the plaintiff upon the verdict.

The order now under review denies a motion made by the defendants for a new trial upon the ground that a judgment introduced in evidence by the plaintiff was thereafter reversed by the General Term. It is not contended that there was any error on the part of the trial court in receiving it and the executions issued thereon and returned unsatisfied in evidence. Indeed, if it were error, it would have been a subject for correction on a review of the case and exceptions. But whether this motion was addressed to the judicial discretion of the court, and whether it was properly exercised, we shall now briefly consider.

Defendants' testator, Otto Huber, was a member of the firm of

P. Lenk & Co. when it became insolvent some time during the year 1888.. The firm was composed of Peter Lenk, Carl P. Lenk, Rudolph Lenk, John Lindenmyer and Otto Huber, the last two claiming to be special partners.

After their insolvency, an action was begun against the members of the firm by this plaintiff, alleging that they were all general partners. Lindenmyer and Huber answered; the Lenks suffered default. Before the action could be tried Huber died, leaving a last will and testament, by which these defendants were appointed his executors. The will was subsequently probated, and his executors duly qualified as such. An effort was then made by this plaintiff to join these defendants in the original action, which was denied on the ground that the plaintiff should first exhaust its remedy against the other members of the firm. The action then abated as to Huber, but continued against the remaining partners, resulting in a judgment against them for $50,014.44; executions were issued thereon to the proper counties, and returned wholly unsatisfied. Upon the trial of this action, the judgment and the executions with the returns indorsed thereon were introduced in evidence for the purpose of showing the insolvency of the partnership, and that plaintiff had exhausted its remedy in that direction. Proof of the indebtedness of the firm of P. Lenk & Co. to this plaintiff was made independently of the judgment, so the granting of a new trial, as requested by the defendants, could only be supported upon the ground that the plaintiff ought to make further proof of its inability to make the amount of its judgment, or some portion thereof, out of Lindenmyer, for the judgment stands unreversed as to the Lenks, who were held out as the general partners in the firm.

The representatives of Lindenmyer as to this cause of action occupy the same relation towards the plaintiff as do the representatives of Huber.

Against either, the plaintiff can maintain an action to recover the claim in controversy, on proof of the insolvency of the surviving partners, and that the alleged special partners are liable as general partners. So, if a new trial should be granted, plaintiff would only have to prove that there was no partnership property out of which the executions could be made, and that the surviving partners are insolvent, and this would be *prima facie* established by the intro-

duction in evidence of the judgment, which as to them stands unreversed, and the executions with the indorsement thereon.

As the record of the trial had contains such evidence, the court properly denied the motion.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.