## HOTOPP v. HUBER et al.

(Supreme Court, Trial Term, New York County. November, 1896.)

1. LIMITED PARTNERSHIP—FALSE AFFIDAVIT—GENERAL LIABILITY.

An allegation that the affidavit of a person, made for the purpose of becoming a limited partner in a firm, was false, supported by the testimony of the book-keeper that the contribution of such partner did not appear on the books of the firm, makes a prima facie case of general liability against such partner.

2. SAME—LIABILITY FOLLOWS ESTATE.

When a special partner becomes liable for the debts of a partnership as a general partner, such liability continues against his estate after his death.

Action by William Hotopp against Emile Huber and others, as executors of the will of Otto Huber, deceased, to charge testator's estate with a debt of the firm of P. Lenk & Co., of which Huber was a member. Judgment for plaintiff.

A. Kling, for plaintiff.

Samuel Untermyer and Lewis Marshall, for defendants.

McADAM, J. The action is to charge the defendants, as executors of Otto Huber, with a debt owing to the plaintiff by the firm of P.

Lenk & Co., of which said Huber was a member. He did not intend to become a general, but a limited, partner in the firm, and papers were executed which are on their face conformable to the statute relating to limited partnerships. It is alleged, however, that the affidavit made by Huber, in which he swore that he had contributed $50,000 in cash to the capital of the firm, was false, and in consequence he became liable as a general partner. Van Ingen v. Whitman, 62 N. Y. 513; Durant v. Abendroth, 69 N. Y. 148; Bank v. Sirret, 97 N. Y. 320; Van Dolsen v. Abendroth, 1 City Ct. R. 469, affirmed 131 U. S. 66, 9 Sup. Ct. 619. The onus of establishing the falsity of the affidavit was on the plaintiff (Bank v. Strauss [Super. N. Y.] 17 N. Y. Supp. 188, affirmed 137 N. Y. 148, 32 N. E. 1066), who relied upon Charles Weller, the bookkeeper and cashier of the firm, to prove the fact alleged. Weller proved to be a very unwilling witness, and it required the greatest effort to get any information from him. A searching inquiry, almost in the nature of a cross-examination, was therefore allowed to enable counsel to probe for the facts. 'Bullard v. Pearsall, 53 N. Y. 230; Wright v. Grant, 6 N. Y. St. Rep. 362. The witness finally testified that he had no knowledge of the contribution, and that it did not in any manner appear on the firm's books or on those used to make deposits in banks where the firm kept its moneys. The question is whether these proofs make out a prima facie case, sufficient to call upon the defendants to offer something in support of the affidavit attacked, or whether the complaint should be dismissed as unproved. While the evidence might have been more satisfactory, it cannot be arbitrarily disregarded, particularly in view of the fact that the witness occupied a position with the firm which gave him ample opportunity to know whether the contribution mentioned in the affidavit had ever entered the firm's assets. The absence of entries of payment in regular books of account, which in the ordinary course of business would exist if payment had been made, furnishes lawful evidence of nonpayment. Mayor, etc., v. Goldman, 125 N. Y. 395, 26 N. E. 456; Furness v. Cope, 5 Bing. 114. The entries in a firm's books of a special partnership are competent evidence against the special partner, and in favor of a third person, as being in the nature of admissions of the facts therein stated. Bank v. Huber, 75 Hun, 80, 82, 26 N. Y. Supp. 961; Kohler v. Lindenmeyr, 129 N. Y. 498, 29 N. E. 957. The defendants urge that the liability of the partners was originally joint, and always remains so, and that the surviving partners should have been joined as defendants. Voorhis v. Childs' Ex'r, 17 N. Y. 354; Haines v. Hollister, 64 N. Y. 1. The death of Lindenmeyr, the other special partner, is admitted by the pleadings, and the plaintiff proved the entry of judgment against the surviving general partners and the return of an execution thereon unsatisfied. This was sufficient to warrant suit against the representatives of Huber (Van Riper v. Poppenhausen, 43 N. Y. 68; Pope v. Cole, 55 N. Y. 124; Masten v. Blackwell, 8 Hun, 313; Harbeck v. Pupin, 123 N. Y., at page 118, 25 N. E. 311), for, when a special partner becomes liable for the engagements of the partnership as a general partner, such liability continues against his estate after his death (Bank v. Huber, supra).

The plaintiff is entitled to judgment.