HOTOPP v. HUBER et al.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

LIMITED PARTNERSHIP—LIABILITY OF SPECIAL PARTNER—EVIDENCE.

The books of a limited partnership are competent evidence, in an action to charge the special partner as a general partner, to show that the special partner did not make his contribution in cash, as stated in his affidavit.

Appeal from trial term, New York county.

Action by William Hotopp against Emilie Huber and others, executors of the will of Otto Huber, deceased, to recover the sum of $1,083.18, with interest from January 6, 1886, for goods alleged to have been sold and delivered to a firm of which defendants' testator was a member. From a judgment for $2,046.58, damages and costs, entered on the decision of the justice before whom the issues were tried without a jury (41 N. Y. Supp. 991), defendants appeal.' Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Moses Weinman, for appellants.
Abram Kling, for respondents.

PARKER, J. The judgment under review charges the defendants, as executors of Otto Huber, with the amount of the indebtedness due to this plaintiff from the firm of Peter Lenk & Co., of which Huber was a member. Huber did not intend to become a general partner in the firm of Peter Lenk & Co., but a limited partner, and the papers by which the limited partnership was sought to be created were on their face conformable to the statute authorizing such creation. But the trial court decided that the affidavit which Huber made, in compliance with section 7 of the limited partnership act (1 Rev. St. p. 765), containing a statement that he had contributed $50,000 in cash to the capital of the firm, was false, and that by reason thereof Huber became liable as a general partner. The question presented on this review is whether the evidence supports the decision of the trial court. As the affidavit of Huber, which formed a part of the papers by which the members of the firm of Peter Lenk & Co. attempted to create a limited partnership, was regular on its face, and presumptively true, the burden rested upon the plaintiff to establish affirmatively that such affidavit was false. Bank v. Strauss, 137 N. Y. 148, 32 N. E. 1066. The limited partnership papers were executed in the early part of November, 1885, and provided that the partnership should commence the 16th day of November, 1885. The plaintiff, to establish his case, called as a witness Charles Weller, who testified that he was in the employ of Peter Lenk & Co. in 1885, and was their bookkeeper and cashier, having no other duties. He identified the bank book which the firm kept with the Nassau Bank, which contains no entry of the deposit of $50,000 in the month of November, 1885. He also identified one of the ledgers of Peter Lenk & Co., and page 125 of that ledger, which contained the account of "Otto Huber, Special," was introduced in evidence. This account does not contain an entry of $50,000 paid by Mr. Huber in the month of November, 1885, or of any payment whatever by him in that month. The witness' attention was called to the cashbook of the firm, and in response to the inquiry, "What is this book?" he answered: "Cashbook of the firm of P. Lenk & Co. That cashbook contains the entry of moneys received and paid out, during the month of November, 1885, in my handwriting." To the question, "Is there any entry of any $50,000 having been paid in by Otto Huber during the month of November, as appears by the cashbook of that firm?" witness answered, "No." "Q. If $50,000 had been paid into the firm of Peter Lenk & Co., wouldn't it have been entered in the cashbook? A. If I would have got it, it would have been. If I had then received the $50,000, I would have put it in the cashbook. I kept the cashbook during that year, not alone; I was cashier with Mr. Lenk together. Q. And that would have also been credited to his account in the ledger, wouldn't it? A. Yes; if I had received it. I would not make an entry unless I received it. I mean on behalf of the firm, as bookkeeper and cashier, I posted from the facts into the cashbook such moneys as were received by the company. If none were received, it was not entered. Q. You know these books were correct at the time you kept them? A. I kept them correctly; yes." The

ledger account, "Otto Huber, Special," shows $51,000 to the credit of Huber in November, 1885; but it appears from the testimony of the witness Weller that Huber became a partner of the firm of Peter Lenk & Co. in 1882, and contributed $30,000 to the capital of the firm; that the ledger account which shows $51,000 to his credit in November, 1885, was made up prior to the formation of the limited partnership; and it shows $32,710.31 to the credit of Huber on January 1, 1885. The trial court regarded the witness as hostile to the plaintiff, and, from our examination of the testimony, we are compelled to agree with him. But if he knew that the money was not paid in, and knew exactly how the $50,000 was made up, which Huber's affidavit stated he contributed in cash, the witness did not tell. So far as his testimony goes, it amounts to nothing more than a statement that he did not know of the $50,000 being paid in in cash. The defendants offered no testimony, and the plaintiff's affirmative evidence to meet the burden of proof resting upon him was confined to the books of the firm. Turning to the books, we find no entry indicating that the sum of $50,000 in cash, or any other sum, was paid in to the firm by Huber in November, 1885, or subsequently. It seems to be well settled that the entries in the firm books of a special partnership are competent against special partners, and in favor of third persons, as being in the nature of admissions of the facts therein stated. Bank v. Huber, 75 Hun, 80, 26 N. Y. Supp. 961; Kohler v. Lindenmeyr, 129 N. Y. 498, 29 N. E. 957. And the omission of the entry of payment in the firm's regular books of account of the payment of $50,000 to the common stock by Huber was competent on the part of the plaintiff, tending to show that no such payment was in fact made. White v. Benjamin, 150 N. Y. 258, 44 N. E. 956; Mayor, etc., v. Goldman, 125 N. Y. 395, 26 N. E. 456. The determination of the trial court, therefore, had evidence to support it, and we think sufficient evidence.

The appellants' contention that the plaintiff cannot maintain this action against the executors of Otto Huber alone, without showing that he had prosecuted to judgment an action against the surviving members of the firm of Peter Lenk & Co., is not well founded. The death of Lindenmeyer, the other special partner, is admitted by the pleadings, and the plaintiff alleged in his complaint, and proved upon the trial, the entry of judgment in behalf of another creditor against the surviving general partners, and the return of execution thereon, unsatisfied, prior to the commencement of this action. This was sufficient to justify the plaintiff in prosecuting his claim against the personal representative of Huber in the first instance. Van Riper v. Pappenhausen, 43 N. Y. 68; Pope v. Cole, 55 N. Y. 125; Harbeck v. Pupin, 123 N. Y. 115, 25 N. E. 311. The judgment should be affirmed, with costs. All concur.