WILLIAM HOTOPP, Respondent, *v.* EMILIE HUBER et al., as Executors of OTTO HUBER, Deceased, Appellants.

1. LIMITED PARTNERSHIP — PAYMENT OF CONTRIBUTION ESSENTIAL TO IMMUNITY. The immunity of a special or limited partner from general liability is founded upon the statute, which contemplates a payment in good faith by the special partner of the contribution to the capital of the firm, specified in the certificate.

2. EVIDENCE — PARTNERSHIP BOOKS. The rule which admits the books of a general partnership as evidence against the firm in favor of third parties is applicable to the books of a limited partnership.

3. PARTNERSHIP BOOKS AS EVIDENCE OF NON-PAYMENT OF CONTRIBUTION OF SPECIAL PARTNER. In an action by a creditor of a firm, seeking to impose the liability of a general partner upon a person, or the personal representatives of a deceased person, described as a special partner in a limited partnership certificate, the books of the firm are admissible on behalf of the plaintiff in rebuttal of the presumption of payment of contribution to the firm's capital as special partner, created by the certificate and accompanying affidavit; and the absence of any entry in such books denoting that payment had been made is a circumstance to be considered upon that issue.

4. OBJECTION OF DEFECT OF PARTIES — ACTION BY FIRM CREDITOR AGAINST REPRESENTATIVES OF DECEASED PARTNER. The objection that the surviving partners, although alleged to be insolvent, should have been joined as defendants in an action by a creditor of a firm against the personal representatives of a deceased partner, should be raised by demurrer, and, even if of any force, is not available on appeal when not raised by any pleading or suggested at the trial.

*Hotopp* v. *Huber*, 16 App. Div. 327, affirmed.

(Argued October 4, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered

April 21, 1897, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

This action was brought to recover from the defendants the sum of $1,083.18, with interest, for goods alleged to have been sold and delivered to the firm of P. Lenk & Co.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* and *Samuel Untermyer* for appellants.   It was error to admit the books of P. Lenk & Co., and proof with respect to the entries thereon, as against the special partner, who never saw the books, who neither exercised nor had the right to exercise control over them, and who is shown to have been physically incapacitated from doing so.  (L. 1857, ch. 414, §§ 1, 3 ; *Rudd* v. *Robinson*, 126 N. Y. 113 ; *U. S. Bank* v. *Binney*, 5 Mason, 176 ; Bates on Part. § 979 ; *Withers* v. *Withers*, 8 Pet. 355 ; *Haller* v. *Willamowiez*, 23 Ark. 566 ; *Wheatley* v. *Wheeler*, 34 Md. 62 ; *Phillips* v. *Turner*, 2 D. & B. Eq. 123 ; *Piano Co.* v. *Bernard*, 2 Lea, 358 ; *Saunders* v. *Duval*, 19 Tex. 467 ; *Layton* v. *Hall*, 25 Tex. 404 ; *Sutton* v. *Mandeville*, 1 Cranch [C. C.], 2.)   It was error to permit the witness Weller, after he had declared his want of recollection as to his previous testimony, to state that, if he in fact testified as it was claimed by the plaintiff that he had, such testimony was true.  (*Plyer* v. *G. A. Ins. Co.*, 121 N. Y. 689 ; *Bullard* v. *Pearsall*, 52 N. Y. 230.) The testimony whereby the plaintiff sought to establish his claim against the defendants was incompetent.  (*Van Keuren* v. *Parmelee*, 2 N. Y. 524.)   The plaintiff cannot maintain this action against the executors of Otto Huber alone, it appearing that he has never brought an action against the surviving members of P. Lenk & Co.  (*Voorhis* v. *Childs*, 17 N. Y. 354 ; *Haines* v. *Hollister*, 64 N. Y. 3.)

*Abram Kling* for respondent.   The false statement in the certificate signed and acknowledged by Otto Huber that he had contributed $50,000 to the common stock of the firm of

P. Lenk & Co., and the false statement in the affidavit of
Peter Lenk annexed to said certificate, made the decedent
liable as a general partner for the debts of the firm.　(4 R. S.
[8th ed.] 2491, § 8; *Van Ingen* v. *Whitman*, 62 N. Y. 513;
*Durant* v. *Abendroth*, 69 N. Y. 148; *F. Nat. Bank* v.
*Huber*, 75 Hun, 80.)　The books of P. Lenk & Co. are con-
clusive that Otto Huber did not pay the sum of $50,000 in
cash to the common stock of the firm.　(*F. Nat. Bank* v.
*Huber*, 75 Hun, 80; *Fairchild* v. *Fairchild*, 64 N. Y. 471;
*Kohler* v. *Lindenmeyr*, 129 N. Y. 498; *Cheever* v. *Lamar*,
19 Hun, 133; *Bates on Partnership*, § 978; *Van Ingen* v.
*Whitman*, 62 N. Y. 513; *Lodge* v. *Prichard*, 3 De G., M.
& G. 906; *U. S. Bank* v. *Binney*, 5 Mason, 176.)　The
omission of any entry in the regular books of account of the firm
of P. Lenk & Co. of payment by Otto Huber of the sum of
$50,000 in November, 1885, furnished lawful evidence that he
did not pay that amount into the common stock of the firm.
(*Mayor, etc.,* v. *Goldman*, 125 N. Y. 395; *White* v. *Benjamin*,
150 N. Y. 258; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Matter of
Silvernail*, 45 Hun, 577; *Furness* v. *Cope*, 5 Bing. 114.)
This action was properly brought against the personal repre-
sentatives of Otto Huber, deceased, without joining the sur-
viving partners, and without an action against the surviving
general partners having been prosecuted to judgment and an
execution thereon returned unsatisfied prior to the commence-
ment of this action.　(*Van Riper* v. *Poppenhausen*, 43 N. Y.
68; *Pope* v. *Cole*, 55 N. Y. 125; *Harbeck* v. *Pupin*, 123 N. Y.
115.)　The defendants declined to appear and testify in this
action, or to introduce any proof in their behalf, and every
inference warranted by the evidence must be considered
against them.　(*Wylde* v. *N. R. R. Co.*, 53 N. Y. 156; *Bruce*
v. *Kelly*, 7 J. & S. 27.)　The objections to the questions asked
of Charles Weller, as to whether he recollected testimony
given by him on the trial of the case of the First National
Bank of Jersey City were properly overruled.　(*Bullard* v.
*Pearsall*, 53 N. Y. 230; *People* v. *Kelly*, 113 N. Y. 647.)
It was competent to ask the cashier of P. Lenk & Co. whether

he had testified previously as to Mr. Huber's not having paid the firm in November, 1885, $50,000. The evidence did not tend to impeach the witness or affect his credibility, but only refreshed his recollection as to whether he had testified previously on this point. (*Bullard* v. *Pearsall,* 53 N. Y. 230; *People* v. *Kelly*, 113 N. Y. 647.)

O'BRIEN, J. The pleadings in this case presented an issue of fact, and that was whether the defendants' testator, Otto Huber, who died prior to the commencement of the action, was a general partner in a business firm which was liable to the plaintiff for the debt, to recover which the action was brought. It was alleged in the complaint that he was such a partner at the time the debt was contracted, and that the other surviving members of the firm were insolvent, and hence that a judgment against them would be ineffectual. The answer of the defendants took issue upon these allegations, and for a further defense alleged that the testator and another person, also deceased, were special partners, having complied with the provisions of the statute for the creation of special or limited partnerships; that the testator had filed the certificate required for that purpose by the statute, and that the sum contributed by him to the business specified in this certificate, to wit, the sum of $50,000, had been fully paid in.

On the trial before the court without a jury, the plaintiff proved the sale of goods to the firm, the price of which, or some part thereof, it was claimed, remained unpaid; the death of the other party alleged to be a special partner, and that judgments remained unsatisfied against the other and surviving members of the firm. The plaintiff also gave proof which it is claimed tended to show that the testator never paid in the contribution of $50,000, and the certificate of the formation of the limited partnership, which was to commence on the 16th of November, 1885, and terminate in five years thereafter, was a part of the proof. The name and style of the firm was described in the certificate as " P. Lenk & Co." The certificate appears to be in the form prescribed by the

statute; was executed by the general and special partners, including the testator, and attached thereto was the affidavit of Peter Lenk, one of the general partners, to the effect that the testator had contributed to the business of the partnership and paid in in good faith the sum specified in the body of the certificate, constituting him such special partner, which, as already stated, was $50,000. The plaintiff's counsel insisted that this certificate and affidavit, in so far as they purported to show that the testator had paid in the $50,000, were false, and that in fact no such sum had been paid in, and hence that the testator was a general partner. The character of the proof which the plaintiff gave to support this contention raises the questions of law in the case.

The learned trial judge found all the facts in dispute in favor of the plaintiff, and specifically found that the testator never paid in the $50,000 to the common stock of the firm, as set forth in the certificate and affidavit, and upon these findings judgment for the plaintiff was directed, which has been unanimously affirmed at the Appellate Division. The disputed facts must, therefore, be deemed to be conclusively settled in favor of the plaintiff, and the defendants, in this court, must rely entirely upon the rulings and exceptions at the trial presenting questions of law.

The immunity of a special or limited partner from general liability is founded upon the statute which clearly contemplates a payment, in good faith, by the special partner of the contribution to the capital stock of the firm, specified in the certificate. Hence, if it was not paid, and the statement in the certificate signed by all the partners and in the affidavit attached, was false, the statute was no protection to one claiming the rights or immunity of a special partner. The decedent, or his estate, was then liable as a general partner. ( *Van Ingen* v. *Whitman,* 62 N. Y. 513; *Durant* v. *Abendroth,* 69 N. Y. 148; *First National Bank* v. *Huber,* 75 Hun, 80.) The certificate and affidavit attached established the fact, *prima facie,* that the statements therein contained were true. ( *Cont. Natl. Bank* v. *Strauss,* 137 N. Y. 148, 151.) But the presumption

created by this paper or record was not conclusive, and it was open to the plaintiff to show that the decedent had never paid the contribution to the capital stock of the firm, since such payment was essential to secure to him or his estate that immunity from general liability which the law contemplates.

In order to rebut the presumption created by the certificate the plaintiff first called the bookkeeper of the firm at the time the alleged special partnership was formed, and attempted to prove by him the non-payment of the $50,000 by the decedent, or any one in his behalf. It is quite evident that this witness was hostile to the plaintiff, and after a somewhat protracted examination and cross-examination the substance of his testimony was that he did not know whether the money had been paid in or not, though he admitted that the firm books did not show any such payment. The plaintiff produced the ledger of the firm, containing the special account of the decedent, and nothing appeared in this account to show that the $50,000 had ever been paid in by him to the firm. The cash book of the firm was also produced, showing the moneys received and paid out by the firm in the month of November, 1885, when it was alleged the limited partnership had been formed, but it contained no entry of the $50,000. The pass book, showing an account between the firm and a bank at that time, in which the moneys of the firm, or the substantial part of them, were deposited, was also produced, but it contained no entry of any deposit of the $50,000 contribution alleged to have been made by the decedent.

The defendants' counsel objected to the admission of these several books in evidence as incompetent, but the court overruled the objection and there was an exception taken. This exception raises one of the questions of law which has been urged by the counsel for the defendants in support of the appeal. The question is not whether the absence of any entry in these books of the payment of the money was sufficient to warrant the finding, or whether the absence of such an entry was sufficiently explained or accounted for by other facts in the case, but whether they were admissible at all upon the

issues involved. The certificate contained a statement that a large sum of money had been paid by the decedent, or for his benefit, to the firm at a time specified. In the usual and ordinary course of business it must be assumed that the payment to a business firm of such a large sum of money would appear upon the books containing a record of the daily transactions and a history of its business affairs. Moreover, whether the decedent was a general or a special partner, he was so connected with the business that he had access to the books, and may be presumed to have known their contents, at least so far as his own special account was concerned. His relations to the business and his own personal interests were such that it is reasonable to suppose that if he had paid in such a large sum of money to a firm in which he was interested, and no entry of the payment had been made on the books he would have discovered such an unusual and material error and procured its correction, and hence the circumstance that the firm book contained no entry of the payment is some evidence that it was not in fact made. The books of a general partnership are generally evidence in favor of third parties of the facts therein stated, in the nature of admissions by the firm, since all the members have access to them and are presumed to know their contents. . The principle of agency that pervades all partnership transactions treats entries made upon the firm books in the regular course of business as the act of the firm. (*Fairchild* v. *Fairchild,* 64 N. Y. 471; *Kohler* v. *Lindenmeyr,* 129 N. Y. 498; *F. Nat. Bank* v. *Huber,* 75 Hun, 80; *Cheever* v. *Lamar,* 19 Hun, 130; *Hill* v. *Manchester & S. Water Works Co.,* 5 B. & A. 866; *U. S. Bank* v. *Binney,* 5 Mason, 176; Bates on Part. § 978.) So, also, the absence of entries of payment in regular books of account, which, in the regular and ordinary course of business, would appear, if payment had in fact been made, furnishes some evidence of non-payment. (*Mayor, etc.,* v. *Goldman,* 125 N. Y. 395; *White* v. *Benjamin,* 150 N. Y. 258; *Loos* v. *Wilkinson,* 110 N. Y. 195; *Furness* v. *Cope,* 5 Bing. 114; *In re Silvernail,* 45 Hun, 575.) But it is said that the rule which admits the books of a general partnership as evi-

dence against the firm in favor of third parties has no appli-
cation to a limited partnership under the statute. The two
forms of partnership differ only in degree, and while the
quality of the proof, or the effect of the entries, or the
absence of them, may be much weaker in the one case than
in the other, this does not affect the general principle upon
which the books are admissible. There is no good reason why
they should be admitted when the partnership is general, and
excluded when it is special. The statute confers the right
upon a special partner to examine from time to time into the
state and progress of the concerns of the partnership and
advise as to the management. This gave the decedent access
to the books and power to direct proper entries to be made in
them, at least with reference to his own special account, with-
out becoming chargeable with any such interference as would
render him liable as a general partner. His power and posi-
tion in the firm were such that it is reasonable to presume
that he would have been credited with such a large sum of
money if, in fact, he had paid it in and thus become entitled,
in the ordinary course of business, to such credit.

So that upon principle, as well as the authority of the cases
cited, we think that upon an issue between the defendants and
a creditor of the firm, as to whether the contribution of the
decedent had in fact been paid, the firm books were admis-
sible; and the absence of any such entry therein, denoting
that payment had been made, was a circumstance to be con-
sidered in the determination of the issue. It is quite true, as
we are very forcibly reminded by the learned counsel for the
defendants, that there were circumstances in this case that
detracted somewhat from the value of the books as evidence.
It appeared that the two members of the firm, designated in
the certificate as special partners, and Lenk, who made the
affidavit, were all dead at the time of the trial, and hence the
difficulty of explaining the absence of any entry on the books
may have been aggravated. But while all this could properly
be considered in weighing the evidence, it does not show that
there was any legal error in admitting it, and that is the only

question that we are concerned with. We think that the books were admissible, either as part of the testimony of the bookkeeper, who testified from them, and that they contained no entry of such a payment, or as independent proof bearing upon the issue.

There is another question in the case that perhaps deserves some notice. The defendants, as representatives of the deceased, were sued alone, on the theory that since the other surviving members of the firm were insolvent a judgment against them would be useless. The estate of a deceased partner is not liable to firm creditors until the remedies against the surviving members have been exhausted, or, at least, until it is shown that the survivors are insolvent. (*Van Riper* v. *Poppenhausen*, 43 N. Y. 68; *Pope* v. *Cole*, 55 N. Y. 124; *Harbeck* v. *Pupin*, 123 N. Y. 115.) In this case it is alleged and found that the survivors were insolvent; but it is argued by the learned counsel for the defendants that this simply dispensed with the necessity of first proceeding against them before the estate of the decedent was resorted to, and did not obviate the necessity of joining them as defendants in this action to enforce a liability which is joint and not several. This contention does not seem to be very substantial, but it is unnecessary to discuss or pass upon it, since the record itself furnishes a complete answer to the point. The objection goes to the form of the action, and is based upon the claim that the survivors should have been sued with the defendants, and, hence, it amounts simply to an objection that there was a defect of parties. If this was a defect at all, it appeared upon the face of the complaint, and, hence, the objection should have been taken by demurrer. (Code Civ. Pro. §§ 488, 499) The point not having been raised by any pleading in the case, nor even suggested in any form at the trial, it is not now available on this appeal.

The judgment should, therefore, be affirmed, with costs.

All concur, except PARKER, Ch. J., not sitting.

Judgment affirmed.