JOSEPH SELIGMAN, Respondent, v. ALBERT FRIEDLANDER,
Defendant.

MARIE FRIEDLANDER et al., as Executors of ALBERT FRIED-
LANDER, Deceased, Appellants.

Partnership — common-law liability of partners in a general
partnership not changed by section 6 of the Partnership Law.

Courts presume that a radical change in the common law by statute,
especially when the change affects title to property or rules of liability,
will be expressed with the clearness which the importance of the subject
demands, or so that its meaning is unmistakable.

Construction of a statute will not be based on a single section, which,
when read by itself, appears to overturn a well established principle of
the common law, but that section will be read in connection with all the
commands of the legislature relating to the matter and the intention
thus gathered from its command as a whole.

The provision in section 6 of the Partnership Law (L. 1897, ch. 420) that
" Every general partner is liable to third persons for all the obligations
of the partnership, jointly and severally with his general copartners,"
did not change the rule that general partners are liable jointly at law
and severally in equity.

Seligman v. Friedlander, 138 App. Div. 784, affirmed. First question
certified answered in the negative, and second in the affirmative.

(Argued September 27, 1910; decided October 25, 1910.)

APPEAL, by permission, from an order of the Appellate Divi-
sion of the Supreme Court in the first judicial department,
entered June 3, 1910, which reversed an order of Special
Term denying a motion to revive this action and to substitute
the executors of the deceased defendant in his place and stead.

Prior to the first of December, 1901, Albert Friedlander,
Albert S. Faber and Edwin Potosky formed a copartnership
under the firm name of A. Friedlander & Co., which was to
continue until December 1st, 1907. On the third of May,
1906, Potosky assigned to said Friedlander " his entire inter-
est in the assets and liabilities of said copartnership business,"
and on the 22nd of the same month Faber transferred all

his interest in the firm assets to Friedlander who assumed all the copartnership liabilities.

In January, 1908, this action was commenced to recover a claim against said firm alleged to have accrued in 1901 and to have become due on the first of December, 1902. It is a strict action at law with no averment of special facts. Each member of the firm was named as a party defendant in the summons but process was served upon Mr. Friedlander only. On the 2nd of June, 1909, Friedlander died, leaving a last will and testament which was duly admitted to probate and Isaac L. Spiegelberg and Marie Friedlander were, respectively, appointed executor and executrix thereof. About the first of February, 1910, upon the stipulation of the attorneys for the plaintiff and the defendant Friedlander, the action was discontinued as against Potosky and Faber, who had not appeared therein, and on the 28th of March following a motion, made to revive the action and to substitute the executors as defendants, was denied at Special Term, but on appeal to the Appellate Division the order was reversed and the motion granted. Leave to appeal from the order of the Appellate Division having been obtained, the following questions were certified to this court:

"*First.* Did section 6, chapter 420 of the Laws of 1897, being the Partnership Law, make the partners in a general partnership jointly and severally liable to the creditors of the firm?

"*Second.* Was the plaintiff entitled to an order reviving this action and substituting the personal representatives of Albert Friedlander, deceased, as defendants?"

*Edmond E. Wise* for appellants. The statute (L. 1897, ch. 420, § 6) was not intended by the legislature to change the law as to partnerships, nor the procedure in case of the death of the partner. (*Voorhis* v. *Childs*, 17 N. Y. 354; *Pope* v. *Cole*, 55 N. Y. 124; *Richter* v. *Poppenhausen*, 42 N. Y. 373; *Potts* v. *Dounce*, 173 N. Y. 335; *Hotopp* v. *Huber*, 160 N. Y. 524; *Leggatt* v. *Leggatt*, 79 App. Div. 141.)

*Frederick M. Czaki* for respondent.  Section 6 of chapter 420 of the Laws of 1897 made partners in a general partnership liable jointly and severally as to firm creditors and abrogated the common-law rule of joint liability only.  (*Pirie* v. *C. T. & T. Co.*, 182 U. S. 438; *Lyon* v. *Smith*, 11 Barb. 124; *Matter of Southworth*, 5 Hun, 55; *Town of Wirt* v. *Bd. of Suprs.*, 90 Hun, 205; *Kent* v. *Wells*, 21 Ark. 411; *Davis* v. *Sanderlin*, 119 N. C. 84; *Neil* v. *Childs*, 10 Ind. 195; *Gratz* v. *Stumpf*, Cooke [Tenn.], 493; *Link* v. *Allen*, 1 Heisk. [Tenn.] 318; *Williams* v. *Muthersbaugh*, 29 Kan. 524; *Hall* v. *Cook*, 69 Ala. 87.)  The motion was properly granted by the Appellate Division as it appeared without dispute that the plaintiff was unable to collect as against the surviving partners by reason of the fact that the Statute of Limitations created a bar to any recovery as to them.  (*Hentz* v. *Havemeyer*, 132 App. Div. 58.)  The fact that Friedlander took over all the assets, assumed the payment of the liabilities and agreed to hold the retiring partners free of liability was another reason why it was necessary to bring in the representatives of his estate in order to obtain a proper disposition of the action.  (Code Civ. Pro. § 758; *Savage* v. *Putnam*, 32 N. Y. 501; *Millerd* v. *Thorn*, 56 N. Y. 406; *Colgrove* v. *Tallman*, 67 N. Y. 95; *Grow* v. *Garlock*, 97 N. Y. 81; *Palmer* v. *Purdy*, 83 N. Y. 144; *U. S. Nat. Bank* v. *Underwood*, 2 App. Div. 342; *Reed & Barton* v. *Ashe*, 18 App. Div. 501; *Morrisey* v. *Berman*, 47 Misc. Rep. 586; *Phillips* v. *Mendelsohn*, 67 Misc. Rep. 142.)

VANN, J.  The learned justices of the Appellate Division were of the opinion that by virtue of a statute known as the Partnership Law, copartners are liable severally as well as jointly and at law as well as in equity.  Although this innovation on the common law is held to have been in force for nearly fourteen years, the bar, the courts and the public apparently had not realized that such a change had been made, or that it was seriously claimed to have been made, until the decision now under review was announced.  This conclusion

was based on section 6 of the Partnership Law passed in 1897, and when that section is read by itself the position of the Appellate Division seems tenable, but when read in connection with the common law and all the statutes on the subject, as well as its own context, we do not regard it as sound.

At common law the liability of copartners was joint, although it was several in equity. The fundamental principle upon which the partnership relation is founded is that of a joint adventure, with joint ownership of assets and only joint liability for debts, unless the property held jointly is insufficient to pay the firm debts, or it appears that there can be no effective remedy without resort to individual property. (*Lawrence* v. *Trustees of Leake & Watts Orphan House,* 2 Denio, 577; *Voorhis* v. *Childs' Executor,* 17 N. Y. 354; *Richter* v. *Poppenhausen,* 42 N. Y. 373; *Pope* v. *Cole,* 55 N. Y. 124.) Hence, for time out of mind, the representatives of a deceased partner could not be sued at law unless the surviving partners were insolvent, or some other special reason of an equitable nature existed. The theory of the law was that the joint liabilities should be paid from the joint property if possible and not until that remedy was exhausted, or resort thereto shown to be useless, could payment from the individual property be exacted.

The legislature, of course, has power to change both rules of liability and rules of procedure. Courts, however, presume that a radical change in the common law by statute, especially when the change affects title to property or rules of liability, will be expressed with the clearness which the importance of the subject demands, or so that its meaning is unmistakable. In the effort to discover the exact intention of a statute claimed to effect such a change, the history of legislation upon the subject will be carefully examined and all the statutes affecting it read together. Construction will not be based on a single section, which, when read by itself, appears to overturn a well-established principle of the common law, but that section will be read in connection with all the commands of the legislature relating to the matter and the intention thus gathered from its command as a whole.

Action by the legislature in relation to the law of partnership has been infrequent and, as we view it, unimportant, except that limited partnerships were long since authorized with special partners, who, under special circumstances, are not personally liable for the debts of the firm, although the capital contributed by them becomes part of the general assets. This change, which was the earliest and, as we think, the only one of a substantial nature ever made by the legislature affecting the liability of copartners, was first dealt with by chapter 244 of the Laws of 1822, entitled "An Act relative to Partnerships." By the third section of that statute it was provided: "That partnerships, to be formed under this act, shall consist of one or more partners, jointly and severally responsible according to the existing laws and rules of law on that subject, who shall be called joint partners; and one or more partners, who furnish certain funds or capital to the common stock, whose liability shall extend no further than the fund which he or they have furnished to the partnership stock and who shall be called special partners." The Revised Statutes of 1827–8 are substantially the same (1 R. S. [6th ed.] 763). As already appears, according to the law existing when the act of 1822 was passed, partners were liable jointly at law and severally in equity, or on proof of special facts. Hence, no change was then made as to the liability of partners, proper, for the common law upon the subject was expressly recognized, although the new relation of special partner was authorized with exemption from personal liability, upon compliance with the provisions of the act.

. Section 758 of the Code of Civil Procedure, as amended in 1877, provides that "In case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors. But," as the section continues, "the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the

proper representative of the decedent, when it is necessary so to do, for the proper disposition of the matter; and, where the liability is several as well as joint, may order a severance of the action so that it may proceed separately against the representative of the decedent, and against the surviving defendant or defendants." (L. 1877, ch. 416, § 758.) This amendment, while addressed to joint debtors, is held to apply to copartners. It was passed to change the rule laid down in *Wood* v. *Fisk* (63 N. Y. 245); *Hauck* v. *Craighead* (67 N. Y. 432), and *Risley* v. *Brown* (67 N. Y. 160), which decided that where one of two sureties in an undertaking in the ordinary form, given upon an appeal, died, his estate was absolutely discharged and the survivor only was liable. (Stover's Annotated Code, § 758, note.) This section did not change the rule of procedure, for in two cases decided since it was in force, and even since the Partnership Law was passed, we held that " When the personal representatives of the deceased joint debtor are directly proceeded against at law, the plaintiff should, still, allege and prove the insolvency, or inability to pay, of the survivors." (*Potts* v. *Dounce*, 173 N. Y. 335, 339; *Hotopp* v. *Huber*, 160 N. Y. 524, 532.)

No other statute now in force relating to the subject appears to have been enacted prior to the passage of the Partnership Law of 1897. When that act was passed, therefore, partners were still liable jointly at law and severally only in equity, or on proof of facts making it equitable that an individual partner might be sued in the first instance.

The first article of the Partnership Law consists of seven sections, the first of which contains the short title; the second defines partnership, and the third, entitled "General partnership," enacts that " A partnership formed otherwise than in the manner prescribed in this chapter for the formation of a limited partnership, is a general partnership." The remainder of the article is as follows: " § 4. Limited partnership.— A limited partnership consists of one or more persons, called general partners, and also one or more persons called special partners. § 5. Authority of

general partner.— Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner. § 6. Liability of general partner.— Every general partner is liable to third persons for all the obligations of the partnership, jointly and severally with his general copartners. § 7. Liability of special partner.— A special partner, except as declared in this chapter, is liable for the obligations of the limited partnership only to the amount of the capital invested by him therein."

As we read the last four sections of the article they are confined to limited partnerships, as the context and titles of the various sections show. The provision in section 6 that "Every general partner is liable to third persons for all the obligations of the partnership, jointly and severally with his general copartners," was intended to apply only to general partners in a limited partnership. The legislature did not intend, when enacting that section, to change the rule that general partners were liable jointly at law and severally in equity with all the inconvenience necessarily resulting. This clearly appears upon reading section 36 of article third, which is entitled "Limited Partnerships," article second being devoted simply to "business and partnership names." That section, entitled "Liability of Partners," provides that "the general partners in *such* partnership shall be jointly and severally liable as general partners are by law. The special partners shall not be liable for the debts of the partnership beyond the fund contributed by them respectively to the capital of the partnership." When the legislature commanded that general partners in a limited partnership should "be jointly and severally liable as general partners are by law," it obviously meant the law in force when the act was passed. According to that law, as we have seen, general partners were liable jointly at law and severally in equity. When the entire statute is read together, we find no evidence of an intention to change the existing rule governing the liability of partners generally, nor even the liability of

general partners in a limited partnership. The omission from section 6 of the qualifying words which appear in section 36 has slight significance when those sections are read together, as obviously they should be. The entire statute was prepared and reported by the commissioners of statutory revision, who were authorized to consolidate and revise existing statutes, not to change the common law in essential respects. If it had been the intention to destroy the joint relation of copartners so far as their creditors are concerned, we think that a statute drawn for that purpose by the learned and exact lawyers composing the commission would not only have expressed the intention so clearly as to leave no doubt upon the subject, but that attention would have been called to such an important change in the notes. The annotation to each section of the first article is simply " new," with no suggestion that section 6 makes a startling change in the liability of partners. All the other sections leave the law upon the subject as it was at common law and by the act of 1822. The sections were " new " only in the sense that they codified the common law to some extent and changed the form of expression, but not the meaning of what had previously appeared in the statute authorizing limited partnerships. The remarks of Mr. Justice Jenks upon the subject and his pointed argument against the construction adopted by the court below, although the question was not then necessarily involved, are worthy of consideration. (*Leggat* v. *Leggat*, 79 App. Div. 141, 143; affirmed on opinion below in 176 N. Y. 590.)

When a partnership debt is incurred it presumptively creates partnership assets and should in reason be paid therefrom and not until they are exhausted should individual property be proceeded against. No reason is apparent for leaving all the assets in the possession of the survivors upon the death of one of the partners and yet making the representatives of the latter liable in the first instance without touching the partnership assets. The inconvenience and injustice of suing half a dozen partners individually in as many sepa-

rate actions without suing the partnership proper or the partners jointly at all, is so obvious as to enjoin upon the courts extreme caution in construing a statute alleged to permit that result and where the language used admits of another construction, to adopt it as expressing the real intention of the legislature. Such is the case before us and we thus reach the conclusion that the liability of partners in a general partnership was not changed by section 6 of the Partnership Law, and the first question certified should, therefore, be answered in the negative.

The learned Appellate Division did not rest its order solely on the act of 1897, but held that the motion should have been granted for the further reason that, as the Statute of Limitations would prevent the successful prosecution of an action against Faber and Potosky, the representatives of Friedlander should have been substituted irrespective of the provisions of the statute. (Citing *Hentz* v. *Havemeyer*, 132 App. Div. 56.)

We think the motion should have been granted for still another reason. Friedlander stipulated that the action which, as brought, was joint in form against all the partners, should be discontinued as to his copartners, who had virtually become mere sureties for the debt, as he had taken the assets and had assumed the liabilities. He thereby waived any right to object to the prosecution of the action without their presence as defendants, because such an objection can be taken only by demurrer or answer and it is waived unless so taken. (Code Civ. Pro. §§ 488, 498, 499 ; *Hotopp* v. *Huber*, 160 N. Y. 524.) Thus the necessary effect of the action of Mr. Friedlander in his lifetime made it impossible for him to take the position that the suit could not be continued against himself alone. If he had lived he could not have insisted that the others should be brought in as defendants, or that the action could not proceed against himself as the sole defendant. That action is as binding upon his personal representatives as it was upon himself. The second question, therefore, should be answered in the affirmative.

The order of the Appellate Division should be affirmed, with costs, the first question certified answered in the negative, and the second in the affirmative.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.