WILLIAM J. FRIEDMAN et al., Copartners Doing Business under the Name of FRIEDMAN, ZOLINE & ROSENFIELD, Respondents, v. VICTOR S. GETTNER et al., as Executors of ADOLPH L. SIMON, Deceased, Appellants.

First Department, December 9, 1958.

*Bernard H. Goldstein* of counsel (*Edward L. Sadowsky* with him on the brief; *Gettner, Simon & Asher,* attorneys), for appellants.

*Bernard H. Greene* of counsel (*Bernard Finkelstein* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents.

McNally, J. This is an appeal from an order granting plaintiffs-respondents' motion to strike as insufficient the second defense. The action is one to recover the fair and reasonable value of legal services rendered by plaintiffs to the defendants' testator. The second defense alleges the said services were rendered to a joint venture composed of the testator and three named residents of the State of New York.

The question presented is whether an action is maintainable against the estate of a deceased joint venturer without alleging the insolvency or inability to pay on the part of the surviving joint venturers. We assume at this time, and it is not contended otherwise, that the obligation of the joint venturers herein may be equated with that of general partners.

*Seligman* v. *Friedlander* (199 N. Y. 373) re-established the common-law joint liability of partners which had been cast in doubt by section 6 of the Partnership Law of 1897 (L. 1897, ch. 420, § 6). Prior to *Seligman* the liability of copartners was joint at common law and several in equity when it appeared the joint property was inadequate to pay partnership debts, or it appeared there was no effective remedy without resort to individual property. Section 6 provided: '' Every general partner is liable to third persons for all the obligations of the partnership, jointly and severally with his general co-partners.'' *Seligman* held that section 6 was to be read with section 36, applicable to limited partnerships, and which provided: '' The general partners in such partnership shall be jointly and severally liable as general partners are by law '', and constituted a consolidation of existing statutes and not a change of the common-law liability of partners.

The provisions of sections 6 and 36 of the Partnership Law of 1897 were carried into the Partnership Law of 1909 (L. 1909, ch. 44; Cons. Laws, ch. 39). Chapter 408 of the Laws of 1919 (Partnership Law, Cons. Laws, ch. 39) was prepared and recommended for enactment by the National Conference of Commissioners on Uniform State Laws. Section 110 of chapter 408 repealed chapter 44 of the Laws of 1909.

Section 26 of the Partnership Law of 1919 provides: '' All partners are liable * * * 2. Jointly for all other debts and obligations of the partnership ''. Section 96 of article 8 thereof, with respect to limited partnerships, provided: '' The general partners in such partnership shall be jointly and severally liable as general partners are by law.'' Chapter 640 of the Laws of 1922 repealed article 8 and enacted a new article 8 governing limited partnerships containing subdivision (1) of section 98 in its present form and providing: '' A general

partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners ". Section 26 of the Partnership Law of 1919 remains in force. The repeal of former section 96 of article 8 and the enactment of present section 98 by chapter 640 of the Laws of 1922 effected complete legislative approval of the common-law liability of partners reasserted in *Seligman* v. *Friedlander* (*supra*).

Respondents rely upon section 236 of the Debtor and Creditor Law which provides: " On the death of a joint obligor in contract, his estate shall be bound as such jointly and severally with the surviving obligor or obligors." Section 236 has reference to joint obligations and has no application to a partnership or joint venture; it was not intended to impose a greater liability on the estate of a deceased joint venturer than was his when living. Section 240 of the Debtor and Creditor Law provides, in part: " [N]othing in this article shall be construed as repealing any of the provisions of the civil practice act or the partnership law." In order to sustain this action in its present form, section 236 of the Debtor and Creditor Law must be deemed to have repealed subdivision 2 of section 26 of the Partnership Law, contrary to the construction required by section 240 of the Debtor and Creditor Law.

*Sisto* v. *Bambara* (228 App. Div. 456 [2d Dept., 1930]), cited by the respondents, has no application. That case involved an action to recover on five promissory notes which expressed a joint obligation. It involved neither a partnership nor a partnership obligation.

The order appealed from should be reversed, on the law, and the motion denied.

RABIN, J. P., M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the motion denied, with $10 costs.