■ UNITED STATES TRUST COMPANY OF NEW YORK, Appellant-Respondent, v BAMCO 18, Defendant, and FREDRIC L. ALTSCHULER et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered May 20, 1991, which granted plaintiff's motion seeking dismissal of defendants' affirmative defenses and summary judgment to the extent of dismissing the third and fourth affirmative defenses, unanimously modified, on the law, the first affirmative defense dismissed for failure to state a defense (CPLR 3211 [b]) and summary judgment granted dismissing the second affirmative defense (CPLR 3212) and, except as so modified, affirmed, without costs.

Defendant Bamco 18, a general partnership, and individual defendant R. Bruce Reeves guaranteed payment of a $4.5 million mortgage note on a Nyack, New York motel and banquet facility which secured a loan by plaintiff United States Trust Company ("U.S. Trust") to Hospitality Associates of Tappan Zee Limited Partnership ("Hospitality"). Bamco 18 and Reeves were limited partners of Hospitality and MPI Corporation, an entity controlled by Reeves, was the general partner. Following Hospitality's default in payment on the loan and after subsequent attempts to restructure the loan proved unsuccessful, U.S. Trust brought this proceeding against Bamco 18 and its individual partners to recover on the guarantee.

Plaintiff U.S. Trust appeals from the failure of Supreme Court to dismiss the individual defendants' first and second affirmative defenses. While this appeal was pending, the individual defendants, with the exception of Altschuler, Dailey and Greenbaum, entered into a stipulation with U.S. Trust in settlement of the action. The three remaining individual defendants (hereinafter "defendants") contend that Supreme Court erroneously held that U.S. Trust had exhausted its efforts to recover upon its guarantee against assets of Bamco 18 pursuant to CPLR article 52.

The issue upon appeal, as stated by the parties, is whether or not Bamco 18 has sufficient assets to repay the loan, therefore affording plaintiff an effective remedy against the

assets of the parnership without the necessity of recourse against the assets of the individual defendants. The gravamen of defendants' position is that "the judgment creditor of a general partnership is denied recourse against the assets of individual partners until the creditor establishes that the partnership assets are inadequate to cover the debt." As authority for this proposition, defendants rely on *Seligman v Friedlander* (199 NY 373). However, that case holds only that a creditor may not proceed against the individual assets of a *deceased* partner without joining the partnership or the surviving partners (199 NY, *supra,* at 381).

*Seligman (supra)* has been construed by this court as having "re-established the common-law joint liability of partners" *(Friedman v Gettner,* 6 AD2d 647, 648, *affd without opn* 7 NY2d 764). *Friedman v Gettner (supra)* reiterated the rule of *Seligman* that no action is maintainable against the estate of a deceased joint venturer without alleging the insolvency or inability to pay on the part of the surviving joint venturers *(see also, Meyer v Park S. Assocs.,* 159 AD2d 337). This rule is derived from *Pope v Cole* (55 NY 124, 127), in which the Court of Appeals observed that "at common law, when one joint debtor died, the remedy at law could only be had against the survivor. The estate of the deceased was only liable in equity for the payment of the debt. *(The Trustees of the Leake and Watts Orphan House* v. *Lawrence,* 11 Paige, 80; same case in error, 2 Denio, 577, and cases cited.) The same rule applied to the case of a deceased partner * * * To enable a partnership creditor to maintain an action against the representatives of a deceased partner, he must show an inability to collect his debt from the survivor. *(Voorhis* v. *Childs,* 17 N. Y., 354; *Richter* v. *Poppenhausen,* 42 N. Y., 373.)"

An analogous rule, derived from dictum in *Seligman v Friedlander (supra),* has been applied to suits brought against living general partners. The Court of Appeals noted, "The inconvenience and injustice of suing half a dozen partners individually in as many separate actions without suing the partnership proper or the partners jointly at all, is so obvious as to enjoin upon the courts extreme caution in construing a statute alleged to permit that result and where the language used admits of another construction, to adopt it as expressing the real intention of the legislature" (199 NY, *supra,* at 380-381). The rule, as expressed in *Helmsley v Cohen* (56 AD2d 519, 519-520), is that "absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations, no action lies against the partners individually * * * This hold-

ing however does not place individually owned assets beyond the reach of a creditor in an appropriate case and thus leave is granted to replead if advisable." This rule is therefore one of pleading, requiring only that a plaintiff either name the partnership as a party defendant, along with the individual partners, or aver the insufficiency of partnership assets to satisfy the claim. In the matter before us, plaintiff U.S. Trust has named Bamco 18 as a defendant (along with all of its partners). Therefore, the allegation that Bamco's assets are inadequate to pay its debts, while clearly set forth in the pleadings, is not material to the question of the sufficiency of the complaint.

In applying the assets of an individual partner to a debt incurred by the partnership, this court has observed that the equitable doctrine of marshaling assets is to be applied (*Helmsley v Cohen,* 56 AD2d 519, *supra*). As stated in *Meech v Allen* (17 NY 300, 301-302): "It is a settled rule of equity that, as between the joint and separate creditors of partners, the partnership property is to be first applied to the payment of the partnership debts, and the separate property of the individual partners to the payment of their separate debts; and that neither class of creditors can claim anything from the fund which belongs primarily to the opposite class until all the claims of the latter are satisfied." As later stated in *Matter of Peck* (206 NY 55, 60): "In marshaling the joint assets of persons composing a partnership and the assets of the individuals composing such partnership it is well established in equity that the partnership assets must first be used in the payment of partnership liabilities and the individual assets in the payment of individual liabilities." The principle is therefore one which determines the priority between the two classes of creditors—those of an individual partner and those of the partnership as an entity. While it may fairly be said (with due allowance for brevity) that there is a "long-standing rule that a judgment creditor generally must look to partnership property first to satisfy the judgment" (*Midwood Dev. Corp. v K 12th Assocs.,* 146 AD2d 754, 755), it is an overstatement to assert, as defendants do, that it requires a creditor to affirmatively *establish* that partnership assets are insufficient before he is permitted to reach the individual assets of a partner. Only where a creditor seeks to dispense with joining the partnership as a defendant in an action upon the debt need it be affirmatively shown that pursuing the claim against the partnership would be futile because of its insolvency or inability to pay (*Friedman v Gettner, supra*).

The Partnership Law imposes upon the partners joint liability for debts and obligations of the partnership (Partnership Law § 26 [2]) and provides indemnity to a partner who has satisfied a claim against the partnership (Partnership Law § 40 [2]; *Schuler v Birnbaum,* 62 AD2d 461). The partner has a right to participate in the management and conduct of the partnership business, to inspect the books and to demand an accounting (Partnership Law § 40 [5]; §§ 41, 44). It is clear that, as between a partner and a creditor of the partnership, the partner is in a vastly superior position to determine its financial status, to direct payment of its debts, to effect the apportionment of liability among the partners by way of an accounting and, if necessary, to pursue a remedy against other partners in an action at law *(Kriegsman v Kraus, Ostreicher & Co.,* 126 AD2d 489).

Given the broad relief available to an individual partner under the Partnership Law and the joint liability imposed upon him, it would be unreasonable to require a creditor to undertake elaborate efforts, such as those proposed by defendants, in the attempt to enforce judgment against partnership assets before proceeding against assets of the individuals comprising the partnership. Contrary to defendants' contentions, plaintiff is not required to intervene in bankruptcy proceedings instituted by R. Bruce Reeves in New Hampshire Federal Court, in an effort to recover a portion of a judgment obtained by Bamco 18 against Reeves. (Defendants propose that plaintiff should either take assignment of the judgment or await the outcome of Bamco's petition to have the judgment declared non-dischargeable and then proceed against Reeves's post-bankruptcy income or, in the alternative, levy upon Bamco's claim in bankruptcy pursuant to CPLR 5201 [b] and 5232.) Neither is plaintiff required to pursue recovery out of a judgment obtained by Bamco against MPI Corporation by taking assignment of that claim. Nor is plaintiff obliged to take control of Bamco's pending litigation against its accountant by proceeding pursuant to CPLR 5201 and 5227, as defendants suggest. It should be noted that the language of CPLR article 52 is permissive, and a remedy to which resort "may" be had imposes no obligation on the creditor that it be pursued.

Where, as here, a judgment has been obtained against a general partnership and some or all of the partners, the judgment creditor may pursue satisfaction of the judgment against any assets—individual or partnership—which he can locate. If the partnership cannot or will not satisfy the judg-

ment, the individual partners are personally liable, and their individual assets are available to discharge the partnership obligation. However, where the individual partner's assets are subject to claims by both his individual creditors and those of the partnership, his assets will be applied first to satisfy the claims of the individual creditors and only thereafter to pay claims against the partnership under the doctrine of marshaling assets. Therefore, defendants' first affirmative defense, which asserts that partnership assets are sufficient to satisfy its debts, is without merit.

Defendants' second affirmative defense asserts that U.S. Trust denigrated to potential purchasers the value of the motel property subject to the mortgage. This defense is supported only by hearsay affidavits which do not fulfill defendants' burden in opposing a motion for summary judgment, upon which the opponent "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 562). Defendants do not offer a satisfactory explanation of why no affidavit has been submitted by a person to whom the allegedly disparaging remarks were made. Therefore, the second affirmative defense should have been dismissed. Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ. [*See,* — AD2d —, Jan. 19, 1993.]